IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., § <br> as Broadcast Licensee of the July 26, 2008 § <br> Cotto/Margarito Event, § <br> § <br> v. § <br> § <br> 1) MOSO VENTURES, INC., Individually § <br> and d/b/a CUTIE PIES ROADHOUSE and § <br> d/b/a CUTIE PIES; § <br> 2) JOHN PALLINI, Individually and d/b/a § <br> CUTIE PIES ROADHOUSE and d/b/a § <br> CUTIE PIES, § <br>     Defendants. § | Civ. No. 3:11-CV-1767-N(BF) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for pretrial management on September 13, 2011. Before the Court for consideration are the Motion to Dismiss of Defendant John M. Pallini ("Mr. Pallini"), filed January 30, 2012 ("Mr. Pallini's Motion," doc. 16), and the response of Plaintiff J&J Sports Productions, Inc., Broadcast Licensee of the July 26, 2008 Cotto/Margarito Event ("Plaintiff"), filed February 13, 2012 ("Response," doc. 17.)

**Background and Procedural History**

On July 25, 2011, Plaintiff filed suit against Defendants Pallini and Moso Ventures, Inc. ("Moso Ventures," collectively, "Defendants") for alleged violations of the Federal Communications Act, 47 U.S.C. §§ 553 and 605. (Doc. 1). Plaintiff alleges that Defendants illegally intercepted the closed-circuit telecast of the July 26, 2008 Cotto/Margarito Event (the "Event") and exhibited it without paying the required licensing fee to Plaintiff. (*Id.*) Mr. Pallini

requested and received three extensions of time to answer. When Mr. Pallini failed to answer after the third extension of time, Plaintiff requested that the Clerk issue an Entry of Default, and the Clerk of Court entered default against Defendants (doc. 15). Mr. Pallini then filed a Motion to Dismiss (doc. 16).

## The Corporate Defendant

In the Motion to Dismiss, "Mr. Pallini", an officer or director of Moso Ventures claims the corporation has been shut down since August, 2008. No licensed attorney has entered an appearance in this case on behalf of Moso Ventures. The Court is unable to ascertain from Mr. Pallini's Motion whether Mr. Pallini purports to represent Moso Ventures; nevertheless, even if Mr. Pallini is attempting to appear on behalf of Moso Ventures, he may not represent the corporate defendant. A corporation must be represented by a licensed attorney and cannot appear *pro se* through an officer or shareholder. *See Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984); *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981) (same).

When a court is confronted with an unrepresented corporation, the court has discretion to take appropriate measures. *Memon v. Allied Domecq*, 385 F.3d 871, 873 (5th Cir. 2004). However, according to the Fifth Circuit panel in *Memon*, "[I]n virtually every case in which a district court dismissed the claims (or struck the pleadings) of a corporation that appeared without counsel, the court expressly warned the corporation that it must retain counsel or formally ordered it to do so before dismissing the case." Moso Ventures has not been warned at any stage of the litigation. Accordingly, this recommendation shall serve as notice that Moso Ventures will risk the entry of a default judgment should licensed counsel fail to appear on its behalf within 30 days.

2

**Mr. Pallini's Motion to Dismiss**

Taken on its face as a Motion to Dismiss, Mr. Pallini's Motion fails because it does not comply with Local Rule 7.1 of the Northern District of Texas, and Plaintiff's complaint clearly "raises a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nevertheless, by filing a Motion to Dismiss, Mr. Pallini, proceeding *pro se*, has made an attempt to answer or otherwise plead, even though his attempt is untimely. The Court finds that Mr. Pallini's Motion to Dismiss can reasonably be considered as a Motion to Set Aside the Clerk's Entry of Default against him. Construing the motion in this way is in keeping with the Fifth Circuit's policy in favor of resolving cases on their merits rather than by the use of default judgments. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 892-93 (5th Cir. 1998); *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)("Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts only in extreme situations."). This policy, however, is "'counterbalanced by considerations of social goals, justice and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion.'" *Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir. 1990)(quoting *Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir. 1970)); *see also Dolphin Plumbing Co. of Florida v. Financial Corp. of North America,* 508 F.2d 1326, 1327 (5th Cir. 1975)("The decision whether to set aside a default judgment is left to the sound discretion of the trial judge"). *See Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

**Standard of Review for Setting Aside Clerk's Entry of Default**

FED. R. CIV. P. 55 provides the procedure for obtaining a default judgment. A default occurs when a party "has failed to plead or otherwise defend" against an action. FED. R. CIV. P.

55(a).  If the plaintiff establishes the default "by affidavit or otherwise," the Clerk of Court must enter the default.  *See N.Y Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir.  1996).  Following the entry of default, a party may apply to the Clerk (in certain limited circumstances) or the Court for a default judgment.  FED. R. CIV. P. 55(b).  If the party against whom judgment is sought has appeared in the action, the Court, not the Clerk, must enter a default judgment after written notice of the application at least seven days before the hearing.  FED. R. CIV. P. 55(b)(2).   In this case, Mr.  Pallini, who has appeared in the action, seeks to set aside the Clerk's entry of default.

In determining whether a default should be set aside, the district court should consider whether it was due to excusable neglect,[1] whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. *United States v. One Parcel of Real Property,* 763 F.2d 181, 183 (5th Cir.1985) (citing *Meehan v. Snow,* 652 F.2d 274, 277 (2d Cir.1981)). The district court need not consider all of these factors. *Id.*  Moreover, the Fifth Circuit Court of Appeals has stated that factors are not "talismanic," and other factors may be considered. *Dierschke v. O'Cheskey (In re Dierschke),* 975 F.2d 181, 184 (5th Cir.1992).  Such other factors may include "whether 'the public interest was implicated,' whether 'there was a significant financial loss to the defendant,' and whether 'the defendant acted expeditiously to correct the

---

[1] Previously, the Fifth Circuit used the term "willful" when considering the culpability of the defendant's actions. *See, e.g., One Parcel of Real Property*, 763 F.2d at 183. Other cases, echoing the "excusable neglect" language of rule 60(b), speak of neglect or culpable conduct on the part of the defaulting party. *E.g., Federal Sav. & Loan v. Kroenke*, 858 F.2d 1067, 1069-70 (5th Cir. 1988) ("justifiable neglect" and "culpability of the defendant's conduct"); *United States v. One 1978 Piper Navajo PA-31 Aircraft*, 748 F.2d 316, 318 (5th Cir. 1984) ("justifiable neglect" and "excusable neglect"). The Fifth Circuit finds the latter view more consistent with rule 60(b) and their opinion in Dierschke and suggests that district courts should use the less subjective "excusable neglect" standard in the future. *See CJC Holdings, Inc. v. Wright & Lato, Inc*., 979 F.2d 60, 64 (5th Cir. 1992).

default.'" *Id*. The ultimate inquiry remains whether the defendant shows "good cause" to set aside the default. *Id.* Although a motion to set aside a default decree under FED. R. CIV. P. 55(c) is somewhat analogous to a motion to set aside a judgment under FED. R. CIV. P. 60(b), the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect under Rule 60(b). *Meehan*, at 276.

### Analysis

Mr. Pallini contends he cannot afford counsel.[2]  Mr. Pallini sought extensions of time from the Court, contacted Plaintiff to try to settle the case, and filed the Motion only twenty days after the Clerk's Entry of Default. He acted expeditiously to attempt to correct the default and showed no intention of disregarding this case. Mr. Pallini has not been uncooperative. Although Plaintiff asserts that Defendant's failure to answer was "willful," the Court finds no culpable conduct on his part.

The standard for showing a meritorious defense is not stringent because the likelihood of success is not the measure for the "absence of meritorious defense" criterion. *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 374 (D.C. Cir. 1980). A defendant's allegations are meritorious if they contain "even a hint of a suggestion" which, proven at trial, would constitute a complete defense. *Id*. Mr. Pallini asserts that the subject fight broadcasts were not shown at

---

[2] Mr. Pallini claims he does "not have $20,000 to hire an attorney." (Mr. Pallini's Mot., p.1.) The Court can infer that Mr. Pallini at least attempted to retain counsel but was unsuccessful. There are two other cases similar cases pending against Mr. Pallini: *Integrated Sports Media, Inc. v. Moso Ventures, Inc. et al*., No. 3-11-CV-1691-B (N.D. Tex. 2011), *G&G Closed Circuit Events, LLC v. Moso Ventures, Inc. et al*., No. 3-11-CV-1978-B in which a hearing has been set on Plaintiff's motions for default Judgment. In the first case, Mr. Moso is appearing *pro se*, and in the second case, counsel has been appointed to represent Mr. Pallini pro bono.

Cutie Pie's. This is at least an "obtuse" showing of a meritorious defense. *See One Parcel of Real Property,* at 183. Thus, the "absence of meritorious defense" criterion is lacking.

The fact that setting aside a default would delay collection of the amount in dispute if a plaintiff were to succeed at trial or that it would require a plaintiff to litigate an action would not create sufficient prejudice to require a default to stand. *See Keegel*, at 374. Although Plaintiff contends that it will be unfairly prejudiced if the entry of default is set aside because this case has been pending for over 6 months, Plaintiff has not shown that the delay is likely to cause any great financial harm. (Pl.'s Resp., p. 3.) The "prejudice to Plaintiff" factor is very slight.

After considering all of these factors, the Court finds that Mr. Pallini has shown good cause for the District Court to set aside the Clerk's Entry of Default against him, and he should be permitted to answer.

## RECOMMENDATION

The Court recommends that Mr. Pallini's Motion (doc. 16) be granted in part and denied in part. Considered as a Motion to Set Aside the Clerk's Entry of Default, the Motion should be granted and the Clerk's Entry of Default against Mr. Pallini should be set aside . Considered as a Motion to Dismiss, the Motion should be denied as meritless. The Court further recommends that Moso Ventures be given 30 days for licensed counsel to enter an appearance on its behalf, and that Mr. Pallini be given 30 days to file an Answer.

SO RECOMMENDED, August 10, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).